UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| GARRY E. LACEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-231-WOB |
| | ) |
| v. | ) |
| | ) |
| ANDY MUSE, et al., | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendants. | ) |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Garry E. Lacey is a prisoner incarcerated at the Marion Adjustment Center in St. Mary, Kentucky. Lacey, proceeding without counsel, has filed this civil rights action under 42 U.S.C. § 1983. [R. 1] Having reviewed the Complaint,[1] the Court must dismiss it because Lacey's claims are time-barred by the applicable statute of limitations.

**I**

In his complaint, Lacey states that on January 17, 2009 he was taken to the Kenton County Police Department to answer questions about allegations made against him. He explains that a female friend of his wife told police that he had made inappropriate physical contact with her. Lacey alleges that at no time during the four-hour discussion did police read him his *Miranda* rights or ask him if he wished to have an attorney present during the questioning. Lacey told police that,

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

while he and the young woman had had a disagreement, he denied any allegations of wrongdoing. Nonetheless, police arrested him and charged him with first degree sexual abuse. [R. 1 at 2]

Lacey indicates that the charges against him were posted on the Kenton County Detention Center's website and published in "Busted" magazine in Kenton County. While incarcerated pending trial, Lacey was placed in protective custody against his wishes, a form of custody he indicates afforded him fewer privileges than other prisoners. Following a jury trial on July 17, 2009, Lacey was found not guilty and was released from custody. [R. 1 at 4] After his release, Lacey indicates that Kenton County police placed him under constant surveillance. After several months, police observed Lacey purchasing ephedrine, and a subsequent search of his vehicle revealed percussors inside. Lacey was subsequently charged with manufacturing methamphetamine, he pled guilty pursuant to a plea agreement, and was sentenced to a 25-year term of incarceration.

In his complaint, Lacey has named as defendants Kenton County detective Andy Muse; Mayor Denny Bowman; Jailer Terry Carl; Asst. Prosecutor Stephanie Kastro; and Busted magazine. Lacey alleges that he was arrested on January 17, 2009, without probable cause; his Miranda warnings were never read to him; he was not asked if he wanted a lawyer during questioning; unidentified county policies regarding questioning witnesses were not followed; Kenton County failed to properly train detective Muse; placing him in protective custody was discriminatory and cruel and unusual punishment; publishing the charges against him constituted defamation; he was denied access to a law library; and the prosecutor engaged in misconduct by charging him with sexual abuse. [R. 1 at 3-5]

## II

The statute of limitations to assert a civil rights claim arising out of events or conduct occurring in Kentucky is one year. KRS 413.140(1)(a); *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th

Cir. 2007). Lacey's cause of action accrued when he knew or had reason to know of the injury that provided the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights). Lacey was aware of the assertedly-illegal conduct giving rise to his claims related to his arrest on January 17, 2009, the date of his interrogation and arrest, and during his incarceration from that date until the date of his release on July 17, 2009 for his jail-related claims. Lacey was, therefore, required to bring suit no later than one year later, on or before July 17, 2010, but he did not file this action until September 6, 2011, well past the running of the statute of limitations. His claims are, therefore, time-barred in their entirety.

In his complaint, Lacey asserts that his claims should not be considered barred by the statute of limitations because he was arrested on drug charges only a few months after his release on the sexual abuse charges, and he did not have access to legal research until he was sent to prison. [R. 1 at 5] However, Lacey identifies no legally-sufficient impediment to him bringing suit on his claims during that period. A claim accrues when the aggrieved party becomes aware of sufficient facts to indicate a possible claim, not when the legal theory upon which such a claim may be premised reveals itself. *United States v. Kubrick*, 444 U.S. 111, 123 (1979) ("where a claimant is aware that harm has been done him, ignorance of his legal rights does not toll the statute of limitations" because he is aware of the facts and can protect himself by seeking advice).

Further, the Court notes that rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which prevents a plaintiff from asserting a constitutional claim which would call into question the validity of a past criminal conviction, did not operate to prevent Lacey from immediately pursuing his claims related to his interrogation, arrest, and the decision to charge him with criminal conduct, where the charges against him did not result in a conviction. *Eidson v. State of Tenn. Dept. of Children's*

*Services*, 510 F.3d 631, 638-40 (6th Cir. 2007).

Therefore, the Court being advised,

**IT IS ORDERED** that:

1. Lacey's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**; and

2. A separate Judgment shall enter concurrently herewith.

This 3rd day of October, 2011.

